# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAMAR BROWN, | Case No. 2:22-cv-00564-RFB-BNW |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This closed habeas matter is before the Court on Petitioner Lamar Brown's motion to reopen case. (ECF No. 9.)

On April 8, 2022, the Court denied Brown's incomplete application to proceed in forma pauperis and ordered Brown to file another application for leave to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. ECF No. 3. Alternatively, the Court ordered Brown to make the necessary arrangements to pay the filing fee of $5.00. Id. The Court gave Brown 45 days to comply. Id. That 45-day deadline expired on May 23, 2022. Brown's brother called the clerk's office on May 24, 2022, indicating that he would "be in the office before [close of business] today to pay the $5 filing fee." There was no receipt of payment of the filing fee in Brown's docket, so on May 27, 2022, the Court gave Brown one more chance to comply, ordering Brown to file a complete in forma pauperis application or to make the necessary arrangements to pay the filing fee of $5.00. ECF No. 5. Brown did not file anything within the 30-day compliance window, so this Court dismissed Brown's petition without prejudice. ECF No. 6. Judgement was entered. ECF No. 8.

Brown now moves to reopen this action, alleging that his "brother did indeed pay the $5.00 filing fee." ECF No. 9 at 1. The Court contacted the finance department and inquired whether Brown's brother paid the $5.00 filing fee on Brown's behalf. The finance department indicated that Danny Williams, Brown's brother, did, in fact, pay the $5.00 filing fee on May 24, 2022. For unknown reasons, the receipt was not docketed, but the finance department indicated that the receipt number is NVLAS081197. Based on the filing fee being paid, the Court finds good cause to grant Brown's motion to reopen.

Because this matter has been found to be properly commenced, this matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs service of Brown's Petition. ECF No. 1-1.

Brown challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Lamar Brown*, Case No. C-15-310671-1.[1] On November 2, 2016, the state court entered a judgment of conviction, pursuant to a guilty plea, for one count of violation of lifetime supervision by convicted sex offender. It appears that Brown was sentenced to 60 to 240 months. Brown appealed, and the Nevada Court of Appeals affirmed on March 14, 2018. Remittitur issued on April 10, 2018.

On April 13, 2018, Brown filed a state petition for writ of habeas corpus. The state court denied post-conviction relief on August 7, 2020. Brown filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on September 13, 2021. Remittitur issued on October

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

8, 2021. On or about February 7, 2022, Brown initiated this federal habeas corpus proceeding. ECF No. 1-1.

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that a response is warranted in the instant case.

**IT IS THEREFORE ORDERED** that Petitioner Lamar Brown's motion to reopen case (ECF No. 9) is **GRANTED**. The Clerk of Court is instructed to **REOPEN** this case, **VACATE** the dismissal order (ECF No. 6), and **VACATE** the judgment (ECF No. 8).

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to file the petition (ECF No. 1-1), add Nevada Attorney General Aaron D. Ford as counsel for Respondents, and electronically serve the Nevada Attorney General with the petition (ECF No. 1-1), a copy of this order, and all other filings in this matter by regenerating the notices of electronic filing.

**IT IS FURTHER ORDERED** that Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

**IT IS FURTHER ORDERED** that if Respondents file an answer to the petition, Brown will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice. Any procedural defenses Respondents raise in this case must be raised together in a

single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

**IT IS FURTHER ORDERED** that all state court records and related exhibits must be filed in accordance with LR IA 10- 3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

**IT IS FURTHER ORDERED** that the hard copy of any exhibits shall be delivered–for this case–to the Reno Clerk's Office. Courtesy copies of exhibits shall <u>not</u> be provided.

Dated: October 11, 2022

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT