# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAMAR BROWN, | Case No. 2:22-cv-00564-RFB-BNW |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This pro se habeas petition comes before the Court on Petitioner Lamar Brown's motion for appointment of counsel. (ECF No. 15.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). Counsel, however, must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See Chaney, 801 F.2d at 1196.

Following review of Brown's petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Brown. The Court finds that appointment of counsel is in the interests of justice given, among other things, Brown's lengthy sentence and his fairly complex claims.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (ECF No. 15) is granted.

**IT IS FURTHER ORDERED** that the clerk electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 11). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Brown by filing a notice of appearance or (2) indicate the office's inability to represent Brown in these proceedings. If the Federal Public Defender is unable to represent Brown, the Court will appoint alternate counsel. Appointed counsel will represent Brown in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Brown remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that the clerk send a copy of this order to Brown at the Southern Desert Correctional Center[1] and the CJA Coordinator for this division.

---

[1] Although he has not yet filed a notice of change of address, Brown's motion shows that he is currently located at the Southern Desert Correctional Center.

**IT IS FURTHER ORDERED** that Respondents' deadline for answering the petition is vacated in light of this order. The Court will issue a new scheduling order following the appearance of Brown's counsel.

Dated: January 9, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT